UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW COOPER,

     Plaintiff,

v.                                  Case No. 2:19-cv-236-JES-NPM

LORI NORWOOD, SANDRA HANNAN, S.
WICKER, BETTY SANCHEZ, T.
JOHNSON, KATHERINE KIEKENAPP,
CARMEN SCUDERA, WAYNE MATSON,
DESOTO ANNEX, JEANETTE JACKSON,
MS. ROBERTS, TED GJERDE, KIMBERLY
STRUBE, CENTURION HEALTH CARE,
TRACY MYERS, RICHARD MCMANUS, and
SANDRA PETERSON,

     Defendants.

_____

**OPINION AND ORDER**

Plaintiff, a prisoner of the Florida Department of Corrections, initiated this action on April 15, 2019 by filing a pro se 42 U.S.C. § 1983 complaint. (Doc. 1). Plaintiff is proceeding on his second amended complaint. (Doc. 25). The following are before the Court:

> Plaintiff's motion to dismiss Defendants B. Sanchez, K. Strubbe, and Mrs. Jackson/Roberts from the case. (Doc. 76, filed Oct. 1, 2020);

> Defendants Lori Norwood, Katherine Kiekenapp, Carmen Scudera, Wayne Matson, Ted Gjerde, Tracy Myers, Richard McManus, and Sandra Hannan's motion to dismiss Plaintiff's second amended complaint. (Doc. 78, filed Oct. 13, 2020);

1

> Plaintiff's response in opposition to Defendants Lori Norwood, Katherine Kiekenapp, Carmen Scudera, Wayne Matson, Ted Gjerde, Tracy Myers, Richard McManus, and Sandra Hannan's motion to dismiss Plaintiff's second amended complaint. (Doc. 86, filed Nov. 23, 2020); and
>
> Defendant Centurion Health Care, Inc. and Sandra Peterson's motion to dismiss Plaintiff's second amended complaint. (Doc. 96, filed Dec. 22, 2020).

For the reasons given in this Order, the motions to dismiss are granted. All claims against Defendants Sanchez, Strubbe, Jackson, Roberts, Norwood, Kiekenapp, Scudera, Matson, Gjerde, Myers, McManus, Hannan, Centurion Healthcare, and Peterson are dismissed as unexhausted and/or for failure to state a claim upon which relief may be granted. On its own motion, the Court dismisses Defendant Desoto Annex from this action as an improper defendant. Plaintiff will be allowed to file a third amended complaint against Defendants Matson and Hannan and against any unserved defendants.

## I.   Pleadings

### A.   Second Amended Complaint

Plaintiff filed his second amended complaint (SAC) in this Court on April 13, 2020. (Doc. 25). In the 39-page SAC, Plaintiff generally alleges that he has been subject to mistreatment stemming from a September 11, 2018 altercation with Defendants Hannan and Wicker in which two boxes of Plaintiff's legal documents were

either destroyed or lost.  (<u>Id.</u> at 6, 7–8, 19).  The remaining
allegations appear to be either: (1) completely unrelated to the
September 11 incident; or (2) claims of mistreatment (or conspiracy
to mistreat) in retaliation for Plaintiff's grievance of the
September 11, 2018 incident.  Plaintiff asserts that he brings
claims of: (1) retaliation; (2) deliberate indifference; (3)
denial of adequate access to the court; (4) denial of adequate
medical care and treatment; (5) assault and battery; (6) constant
exposure to imminent [sic]; (7) principle/accessory during [sic];
and conspiracy.  (Doc. 25 at 3.)[1]

Plaintiff asserts that, on some unspecified date, Defendant
Sergeant Hannan struck Plaintiff twice with her elbow while Officer
Wicker twisted Plaintiff's arms above his head.  (Doc. 25 at 7).
Defendant Hannan told Defendant Wicker to break Plaintiff's neck

---

[1] Plaintiff's SAC is replete with legal jargon, conclusory
(and unexplained) allegations, unwarranted deductions of facts,
and legal conclusions masquerading as facts.  In short, the SAC
is a quintessential shotgun pleading that fails to "give the
defendants adequate notice of the claims against them and the
grounds on which each rests."  <u>Celestine v. Capital One</u>, 741 F.
App'x 712, 714 (11th Cir. 2021).  Nevertheless, the Court will
liberally construe, as best it is able, the SAC to determine
whether any of Plaintiff's allegations state a claim and if so,
whether that claim was properly exhausted.  To the extent the
Court has overlooked intended claims, they are dismissed without
prejudice under Rules 8 and 10 of the Federal Rules of Civil
Procedure.  <u>Weiland v. Palm Beach Cty Sheriff's Office</u>, 792 F.3d
1313, 1320 (11th Cir. 2015) (recognizing that a district Court has
the "inherent authority to control its docket and ensure the prompt
resolution of lawsuits," which includes the ability to dismiss a
complaint on shotgun pleading grounds).

in retaliation for writing grievances. (Id.) Thereafter, Defendant Wicker also struck Plaintiff with an elbow and took him inside a "strip search" room where he threatened Plaintiff again for writing so many grievances. (Id.)

On September 11, 2018, Plaintiff was attempting to board a bus to go to the South Florida Reception Center for a medical appointment. (Doc. 25 at 8, 11). He was carrying two large bags and was unable to also carry his "two legal that [were] on the floor." (Id. at 8) Defendant Hannan told Plaintiff that if he could not carry them, she would consider them forfeited. (Id.) However, Plaintiff had a medical pass stating that he could not carry more than fifteen pounds. (Id.) Defendant Hannan told Plaintiff that she did not care about his medical pass. (Id.) Defendants Scudera, Jackson, Sanchez, Kiekenapp, and Johnson were present and did not intervene. (Id.) To the contrary, they affirmed that, if Plaintiff could not carry his boxes, they would be forfeited. (Id.) Plaintiff asserts that he lost all the property in two large legal boxes and canteen bags. (Id. at 9). When Plaintiff returned to Desoto Correctional Institution on September 18, 2018, he filed grievances about the assault and battery committed by Defendants Hannan and Wicker. (Id. at 11).

Plaintiff generally asserts, without providing dates or specific incidents, that numerous defendants are trying to harm

4

him by spreading false rumors.  (Doc. 25 at 12).  He asserts that
the defendants have written "bogus" disciplinary reports "from 4-
18-19 [through] January 16, 2020."   (Id.)   He asserts that
Defendant Sergeant Matson "was given green light to stalk, harass,
and retaliate" against Plaintiff.  (Id.)  He also asserts that
Defendant Matson was allowed to attempt to have Plaintiff beat up
and stabbed and that Defendant Matson told other inmates that
Plaintiff was the reason they were not getting called to canteen.
(Id.)  He asserts that Defendant Matson engaged in "constant
retaliation" from November of 2018 until January 16, 2020 by
generally exposing Plaintiff to danger and causing Plaintiff to
engage in sixteen altercations with other inmates who Defendant
Matson allegedly sent to attack him.  (Id. at 13, 15).

Plaintiff asserts that Defendant Lori Norwood has conspired
with the other defendants, but he provides no dates of Defendant
Norwood's allegedly unconstitutional actions.  (Doc. 25 at 13-14).
He does assert that she failed to satisfactorily respond to his
grievances.  (Id. at 14).  He asserts that Defendant Norwood has
failed to respond to "her subordinate's systematic ongoing
corruption, abuse, conspiracy and solicitation to commit
premeditated cold calculate murder by inciting, encouraging,
directing, and orchestrating inmate on inmate stabbings by the
defendants[.]"  (Id. at 14 (spelling corrected)).

Plaintiff asserts that Defendant Kiekenapp attempted to "cover up" the destruction of his property by asserting that two other large boxes of legal work that were already in the property room were the boxes at issue On September 11, 2018. (Doc. 25 at 16). He asserts that, as a result, he lost access to his "newly discovered/present alibi/witnesses & colorable factual innocence claim." (Id.)

Plaintiff generally seeks injunctive relief and damages from all defendants. (Doc. 25 at 19-31).

**B.   Motions to Dismiss**

On October 1, 2020, Plaintiff filed a motion seeking to dismiss Defendants Sanchez, Strubbe, Jackson, and Roberts from the complaint. (Doc. 76). The defendants have filed no response to Plaintiff's motion, and the Court considers it unopposed.

On October 1, 2020, Defendants Norwood, Kiekenapp, Scudera, Matson, Gjerde, Myers, McManus, and Hannan ("Desoto Defendants") moved to dismiss Plaintiff's SAC for: (1) failure to exhaust administrative remedies; (2) failure to state a claim upon which relief may be granted; (3) failure to comply with pleading requirements; and (f) qualified immunity. (Doc. 79). Plaintiff responded to the Defendants' motion with a general restatement of his allegations and a denial that any of his claims are subject to dismissal. (Doc. 86).

On December 22, 2020, Defendants Centurion Healthcare and Sandra Peterson filed a motion to dismiss Plaintiff's SAC. (Doc. 96). These defendants argue that Plaintiff does not mention them in the SAC except in the request for relief. (Id. at 1). Plaintiff has not filed a response in opposition to Defendants Centurion Healthcare and Sandra Peterson's motion to dismiss. However, the Court will review the SAC to see whether Plaintiff has stated a claim against them.

## II.  Standards of Review

### A.  Motions to Dismiss

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court has explained that factual allegations must be more than speculative as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

> relief requires more than labels and
> conclusions, and a formulaic recitation of the
> elements of a cause of action will not do.
> Factual allegations must be enough to raise a
> right to relief above the speculative level.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Twombly, set forth a two-pronged approach to evaluating motions to dismiss.  First, a reviewing court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face.  Iqbal, 556 U.S. at 679.  Evaluating a complaint under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

B. **Exhaustion**

Under section 1997e(a) of the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other

> correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The United States Supreme Court has explained that exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

Thus, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008). Additionally, the Supreme Court has explained that "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). Furthermore, an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA. Johnson v. Meadows, 418 F.3d 1152, 1157-59 (11th Cir. 2005); Additionally, "[t]he only facts pertinent to determining whether

9

a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." <u>Smith v. Terry</u>, 491 F. App'x 81, 83 (11th Cir. 2012).

The PLRA's exhaustion requirement is designed to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." <u>Porter v. Nussle</u>, 534 U.S. 516, 524-25 (2002). A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner must provide the level of detail required by the prison's regulations. <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007). Section 1997e(a) of the PLRA requires a prisoner to provide in his administrative grievance as much relevant information about his claims as he can reasonably provide. <u>Brown v. Sikes</u>, 212 F.3d 1205, 1210 (11th Cir. 2000).

The Eleventh Circuit Court of Appeals directs the district courts to consider failure to exhaust in a motion to dismiss instead of a motion for summary judgment. <u>Bryant v. Rich</u>, 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("[A]n exhaustion defense []is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.") (internal quotation omitted). In cases, such as this one, in which the defendants

allege that a prisoner has not exhausted his administrative remedies, courts are permitted to hear evidence outside of the record. Id. at 1377 n. 16. Accordingly, the parties may submit documentary evidence concerning the exhaustion issue, and doing so will not require the conversion of the motion to dismiss into one for summary judgment. Id. In addition, the district court may resolve factual questions concerning a plaintiff's alleged failure to exhaust, as long as the factual disputes do not decide the merits and the parties had sufficient opportunity to develop a record. Bryant, 530 F.3d at 1376.

To determine whether a complaint should be dismissed for failure to exhaust administrative remedies, the court first considers the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court must accept, for purposes of the motion, the plaintiff's version of the facts as true. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. Id. If the court determines that the complaint is not subject to dismissal at step one, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. "Once the court makes findings on the disputed

issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id.

### III. Discussion

**A.    Plaintiff has not stated a claim against Defendant Centurion Healthcare or Sandra Peterson.**

Defendants Centurion Healthcare and Sandra Peterson assert that Plaintiff does not mention them in the body of the SAC, and in fact, his only reference to Centurion Healthcare is in his request for relief.  (Doc. 96 at 4).  In the request for relief, Plaintiff asserts that he needs medical care for the injuries he suffered on September 11, 2018 and October 18, 2014.  (Doc. 25 at 22-23).  He provides no facts to suggest that Defendants Centurion Healthcare or Sandra Peterson denied him care on any occasion or committed any constitutional violation.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to give notice to the other party and not to formulate issues or fully summarize the facts involved.  Clausen & Sons, Inc. v. Theo. Hamm Brewing Co., 395 F.2d 388, 390 (8th Cir. 1968).  In the case of a *pro se* action, the Court will construe the complaint more liberally than it would pleadings drafted by lawyers.  Hughes v. Rowe, 449 U.S. 5, 9

(1980).   Nevertheless, *pro se* litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard.   See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

The bare allegations in Plaintiff's complaint do not comply with Rule 8.  They do not provide Defendants Centurion Healthcare or Sandra Peterson with notice of their alleged wrongs.  Moreover, as pleaded, the complaint does not state a constitutional claim. Therefore, Defendants Centurion and Sandra Peterson's motion to dismiss will be granted. Plaintiff's claims against these defendants are dismissed under Rule 8 and for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).[2]

---

[2] The dismissal is without prejudice to Plaintiff filing a new case against Defendant Centurion based upon its alleged failure to provide adequate health care.  Plaintiff's claims of inadequate health care are unrelated to the claims that Defendant Hannan interfered with Plaintiff's legal work or that Defendant Matson retaliated against him for filing grievances.  If claims are not related to the same basic issue or incident, then they must be raised in a separate suit to prevent confusion and to ensure that Plaintiff pays the required filing fees.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced, but also to ensure that [plaintiffs] pay the required filing fees[.]").

**B.    Plaintiff has failed to exhaust his administrative remedies or failed to state a claim on which relief may be granted against the remaining defendants.**

The Desoto Defendants argue that Plaintiff did not exhaust most of the claims against them, and as a result, this Court must dismiss the unexhausted claims.  (Doc. 78 at 8–19).  They also urge that Plaintiff has failed to state a claim against any defendant and has not complied with Rule 8's pleading standards. (Id. at 19–25, 25–27).

The grievance procedure applicable to Florida prisoners is set out in section 33-103 of the Florida Administrative Code. Section 33-103 contemplates a three-step sequential grievance procedure: (1) informal grievance; (2) formal grievance; and then (3) administrative appeal.  Dimanche v. Brown, 783 F.3d 1204, 1211 (11th Cir. 2015). Informal grievances are handled by the staff member responsible for the particular area of the problem at the institution; formal grievances are handled by the warden of the institution; and administrative appeals are handled by the Office of the Secretary of the FDOC.  See Fla. Admin. Code. §§ 33-103.005–103.007. To exhaust these remedies, prisoners ordinarily must complete these steps in order and within the time limits set forth in section 33-103.011, and must either receive a response or wait

14

a certain period of time before proceeding to the next step.  See id. § 33-103.011(4).[3]

The Desoto Defendants have submitted the declaration of Florida Department of Corrections Operational Analyst Lawanda Sanders Williams.  (Doc. 78-1).  Ms. Williams explains that, to exhaust the grievance procedure, a prisoner must "file an informal grievance at the inmate's facility, a formal grievance with the warden's office, and then and appeal to the Secretary of the FDOC.  Once this process has been completed by the inmate, he has properly exhausted his administrative remedies."  (Id. at 1).  Accordingly, to have exhausted a grievance against any Desoto Defendant, Plaintiff must have appealed the institution's denial of the grievance to the FDOC.

> **1.  Defendants Sanchez, Kiekenapp, Scudera, Jackson, Gjerde, Strubbe, and McManus.**

Ms. Williams attests that she searched all grievance appeals related to the Desoto Defendants and that Plaintiff filed no grievance appeals related to Defendants Sanchez, Kiekenapp,

---

[3] For certain types of grievances, including "grievance[s] of reprisal," prisoners may elect to skip the first two steps and file a grievance directly with the Secretary of the FDOC. Fla. Admin. Code. § 33-103.005(1).  A "grievances of reprisal" is "[a] grievance submitted by an inmate alleging that staff have taken or are threatening to take retaliatory action against the inmate for good faith participation in the inmate grievance procedure."  Id. § 103.002(9).  However, Plaintiff does not allege that he filed any grievance of reprisal directly with the FDOC.

Scudera, Jackson, Gjerde, Strubbe, or McManus.  (Doc. 78-1 at 2).[4]
Although Plaintiff generally avers that he did in fact exhaust all
of his claims (Doc. 86 at 5), he offers no evidence or explanation
to counter Ms. Williams's sworn statements.  The Court finds the
Desoto Defendants' evidence on this issue (the signed declaration
of Lawanda Sanders Williams and her printout showing the search of
Plaintiff's grievance appeals since December 1, 2015) to be more
credible than Plaintiff's unsupported assertions that he exhausted
his claims.

Accordingly, all claims against Defendants Kiekenapp,
Scudera, Gjerde, and McManus are dismissed for Plaintiff's failure
to properly exhaust his administrative remedies. 42 U.S.C. §
1997e(a).

### 2. Defendant Norwood

Mw. Williams attests that Plaintiff mentioned Defendant
Norwood in grievance appeals 19-6-5730, 19-6-08063, 19-6-08064,
and 20-6-07751. (Doc. 78-1 at 2).  Therefore, the Court will look
at the informal and formal grievances underlying these appeals to
discern whether they exhausted Plaintiff's claims against
Defendant Norwood.

---

[4] Plaintiff voluntarily dismissed Defendants Sanchez,
Strubbe, and Jackson from this action (Doc. 76).  Therefore, the
Court need not consider whether Defendant properly exhausted his
claims against them.

On January 1, 2019, Plaintiff filed an informal grievance accusing Defendant Matson of attempting to promote inmate violence against Plaintiff. (Doc. 78-2 at 60). Notably, Plaintiff does not allege that he was actually attacked. (Id.) Plaintiff filed a formal grievance on this issue on January 16, 2019. (Id. at 58–59). In the formal grievance, Plaintiff complained that his informal grievance was denied solely on Defendant Matson's statement and that nobody had interviewed Plaintiff's witnesses. (Id. at 58). Defendant Norwood denied the formal grievance, noting that the rosters showed that Defendant Matson's duties did not involve deciding which dorms were sent to the commissary. (Id. at 59).

Plaintiff filed a grievance appeal on January 30, 2019 (19-6-5730). (Doc. 78-2 at 57). Plaintiff complained—for the first time—that Defendant Norwood had not adequately investigated his grievance, and restated that Defendant Matson used "the canteen as a management tool." (Id.) The FDOC denied the appeal with a notation that the grievance had been appropriately addressed at the institutional level. (Id at 55). Although this series of grievances exhausted a retaliation claim against Defendant Matson, the separate issue of Defendant Norwood's alleged misconduct in handling the grievance process was not exhausted.

Likewise, Plaintiff filed informal grievances against

17

Defendant Matson on December 12, 2009 (Doc. 78-2 at 115) and December 26, 2019. (Id. at 78, 83-84). Each time, Plaintiff alleged that Defendant Matson engaged in retaliation, and when those grievances were denied, he filed formal grievances. (Id.) Each time Defendant Norwood denied the formal grievances. (Id.) Thereafter, Plaintiff complained in the grievance appeals (19-6-08063, 19-6-08064, and 20-6-07751) that Defendant Norwood did not properly investigate his claims. (Id. at 75, 80-81, 112-13). However, to exhaust claims against Defendant Norwood, Plaintiff needed to file an informal grievance, formal grievance, and grievance appeal based upon Defendant Norwood's behavior—not the behavior of another defendant. Accordingly, Plaintiff's claims against Defendant Norwood are dismissed for failure to properly exhaust his administrative remedies. 42 U.S.C. § 1997e(a).

The claims against Defendant Norwood are subject to dismissal for a different reason as well. Plaintiff's claims against Defendant Norwood appear to be based solely upon her denial of his grievances without taking corrective action. An allegation that a prison official denied grievances does not "support a finding of constitutional violations on the part of" the defendant. Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993); Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013) ("[T]he prison grievance procedure does not provide an inmate with a

constitutionally protected interest.") (internal citations and quotations omitted); <u>Smith v. Tifft</u>, No. 3:12cv171/RV/CJK, 2013 WL 5913796, at *9 (N.D. Fla. Oct. 31, 2013) ("[M]erely denying a grievance, without personally participating in the unconstitutional conduct brought to life by the grievance, is insufficient to establish § 1983 liability."); <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")

Plaintiff does not assert that Defendant Norwood actually prevented him from filing a grievance or personally participated in Defendant Matson's allegedly retaliatory behavior—rather, he appears to fault her for denying grievances that he believed had merit.  This does not establish personal participation under section 1983.  Therefore, in addition to being unexhausted, the claims against Defendant Norwood are dismissed for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### 3.   Defendant Matson

As discussed above, Plaintiff appears to have exhausted the grievance procedures as to certain retaliatory actions taken by Defendant Matson.  However, Plaintiff's SAC is too confusing and the allegations too conclusory for this Court to determine whether

he has stated a First Amendment retaliation claim against this defendant, and the claims against Defendant Matson are dismissed under Rules 8, 10, and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff will be allowed to file a third amended complaint stating his claims against Defendant Matson. However, if Plaintiff files a third amended complaint, he must ensure that he properly alleges a violation of the First Amendment.

For a prisoner to state a First Amendment retaliation claim under section 1983, he must establish that: (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. Id. The adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech[.]" Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). The second element of the cause of action thus requires "an objective standard and a factual inquiry." Id. at 1277. The third element, whether there was a causal connection between the retaliatory acts and the adverse effect on the speech,

"asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." <u>Id.</u> at 1278.  If Plaintiff is unable to allege (or will not be able to prove) each element of a First Amendment retaliation claim, he must remove this defendant from his complaint.

### 4.   Defendant Hannan

On September 18, 2018, Plaintiff filed an informal grievance against Defendant Hannan.  (Doc. 78-2 at 13).  He asserted that, because he was shackled and was carrying other items, it was impossible for him to carry two large boxes of his legal work to a bus.  (<u>Id.</u>)  Plaintiff complained that Defendant Hannan told him that, if he could not carry the boxes, she would declare them abandoned.  (<u>Id.</u> at 13-14).  He states that Defendant Hannan said she was "sick" of Plaintiff's grievances and she would "just shred that sh*t."  (<u>Id.</u> at 14).  Plaintiff alleged that Defendant Hannan had a "personal vendetta" against him and a "known history & reputation of abusing [Plaintiff] and other inmates."  (<u>Id.</u>)  The grievance was denied with a notation that Plaintiff had refused an opportunity to place his items on the bus.  (<u>Id.</u> at 13).

After the informal grievance was denied, Plaintiff filed a formal grievance on October 5, 2018 that expanded his claims to accuse Defendant Hannan of <u>wanting</u> him to leave the boxes so that

21

she could "screen & destroy [his] legal work in both of [his legal boxes in order [to] sabotage [his] pending court proceedings." (Doc. 78-2 at 11).  Defendant Norwood denied the formal grievance, noting that the response to the informal grievance adequately addressed Plaintiff's issue.  (Id. at 12).  She further stated that Plaintiff's "legal materials will be forwarded to [Plaintiff's] current location in accordance with policy."  (Id.) Plaintiff filed a grievance appeal (18-6-47212) on October 23, 2018.  (Doc. 78-2 at 8-10).  Plaintiff again asserted that he could not have carried the legal boxes to the bus.  (Id. at 8). He raised (for the first time) the issue that Defendant Hannan was aware that he had a "no heavy lifting pass."  (Id. at 9).  Finally, he asserted that Defendant Hannan threw away half of the legal material in his boxes.  (Id. at 10).

The only other appeal in which Defendant Hannan is mentioned (19-6-991) grieves a claim of inadequate medical treatment from Centurion Health for injuries received on September 11, 2018, but it does not grieve Hannan's (or any other defendant's) use of force against Plaintiff or any other actions on the part of Defendant Hannan.  (Doc. 78-2 at 53-54).

Liberally construing the grievances, the Court finds that Plaintiff exhausted a claim that Defendant Hannan interfered with Plaintiff's access to the Court when she did not allow him to bring

his work on the bus and/or destroyed his legal material.  However, the Court finds no other exhausted claims against Defendant Hannan. Accordingly, all other claims against Defendant Hannan, including any claims for excessive force, are dismissed for failure to exhaust.  42 U.S.C. § 1997e(a).

Although Plaintiff appears to have exhausted his claims against Defendant Hannan for destruction of legal materials, his SAC is too confusing and the allegations too conclusory for this Court to determine whether he has stated a claim against Defendant Hannan, and the claims against her are dismissed under Rules 8, 10, and 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff will be allowed to file a third amended complaint stating his access claim against Defendant Hannan.  However, Plaintiff appears to argue that the destruction of his legal materials <u>automatically</u> interfered with his right of access to the courts.  This is not the case.  Prisoners have a fundamental right of access to the courts under the First Amendment.  <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996).  However, even the intentional destruction of legal material by prison officials does not, standing alone, establish a constitutional interference claim. The United States Supreme Court has established that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury to a

23

non-frivolous claim as a result of the defendants' alleged interference.  Lewis, 518 U.S. at 349; see also Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).  An "actual injury" does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented."  Root v. Towers, 238 F.3d 423 (6th Cir. 2000) (citing Lewis, 518 U.S. at 354-56).  In other words, an inmate who claims that his access to the courts was interfered with fails to state a claim unless he shows actual prejudice to his litigation. If Plaintiff is not able to allege (or will not be able to prove) each element of a First Amendment access claim, he must remove this defendant from this complaint.

### 5.   Defendant Myers

The only allegation against Defendant Myers is that she was named in an injunction.  (Doc. 25 at 11).  Accordingly, Defendant Myers is dismissed from this action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

### 6.   Defendant "Desoto Annex"

To bring a viable section 1983 action, the defendant sued must be an entity that is subject to suit.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).  Specifically, the defendant in a section 1983 action must be a "person."  42 U.S.C. § 1983.  The Desoto Annex is a building, not a person, and is not a viable

24

defendant under section 1983. Moreover, Plaintiff does not explain why he sues the Desoto Annex, and he does not identify any particular state officer sued in an individual capacity. Finally, to the extent Plaintiff seeks redress against the Florida Department of Corrections (which runs the Desoto Correctional Institution), the FDOC is a state agency. Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state agency. See Edelman v. Jordan, 415 U.S. 651 (1984); Hans v. Louisiana, 134 U.S. 1 (1890). See also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 766 (11th Cir. 2020) (recognizing that the FDOC is an entity of the State of Florida and "immune from suit for money damages under the Eleventh Amendment").

Because Plaintiff has not stated a claim against the Desoto Annex, all claims against this defendant are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal when a court determines that a plaintiff who is proceeding in forma pauperis fails to state a claim on which relief may be granted).

**C.    Plaintiff may file an amended complaint against Defendants Hannan and Matson and certain unserved parties if he wishes to proceed.**

To proceed in this action, Plaintiff may file a third amended

complaint against Defendants Hannan and Matson and—to the extent the claims are related and fully exhausted—any unserved defendants.   In filing his third amended complaint, Plaintiff shall not set forth the facts in a narrative chronology, but instead he must put the facts in sequentially numbered paragraphs. Rule 10 of the Federal Rules of Civil Procedure requires that all averments of claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances."   <u>Id.</u> Additionally, Rule 8 requires that pleadings include a short and plain statement of facts showing that the pleader is entitled to relief.   <u>Id.</u>  In amending his complaint, Plaintiff is required to comply with these minimal pleading standards.

Plaintiff must name as defendants only those persons who are responsible for a particular alleged constitutional violation. Further, he must clearly describe how each named defendant is involved in the alleged constitutional violation.   Although the complaint need not set forth detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, and the factual allegations " must be enough to raise a right to relief above the speculative level."   <u>Twombly</u>, 550 U.S. at 555.   Mere conclusory statements in support of a "threadbare recital" of the elements of a cause of action will not suffice.   <u>Iqbal</u>, 556 U.S. at 678.   The law requires more "than an unadorned the-defendant-

unlawfully-harmed-me accusation." Id.  However, Plaintiff should avoid including irrelevant facts or using legal jargon or excessive adjectives in his amended complaint.

Finally, Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading.  Knisk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011).  Thus, Plaintiff's third amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial complaint.  It must be neatly and legibly written and shall not exceed 25-pages in length.[5]

### IV.  Conclusions

Accordingly, it is now **ORDERED**:

1.   Plaintiff's motion to dismiss Defendants Sanchez, Strubbe, Jackson, and Roberts from this action (Doc. 76) is **GRANTED**.  All claims against these defendants are **DISMISSED** and the **Clerk** is directed to terminate Betty Sanchez, Kimberly Strubbe, Jeanette Jackson, and Ms. Roberts as defendants in this action.

2.   All claims against the DeSoto Annex are **DISMISSED** with prejudice for failure to state a claim on which relief

---

[5] The Court will return, without reading, the third amended complaint if it does not comply with these rules.

can be granted.  The **Clerk** is directed to terminate the Desoto Annex as a defendant in this action.

3.    Defendants Centurion Healthcare and Sandra Peterson's Motion to Dismiss (Doc. 96) is **GRANTED**. All claims against Defendants Centurion Healthcare and Sandra Peterson are **DISMISSED** for failure to state a claim on which relief can be granted.[6]  The **Clerk** is directed to terminate Centurion Healthcare and Sandra (FNU) Peterson as defendants in this action.

4.    Defendants Norwood, Kiekenapp, Scudera, Matson, Gjerde, Myers, McManus, and Hannan's motion to dismiss (Doc. 78) is **GRANTED.**

   a. All claims against Defendants Lori Norwood, Katherine Kiekenapp, Carmen Scudera, Ted Gjerde, and Richard McManus are **DISMISSED** for Plaintiff's failure to exhaust his administrative remedies. The **Clerk** is directed to terminate each of these defendants in this action.[7]

---

[6] The dismissal is without prejudice to Plaintiff filing his medical claims in a separate lawsuit.

[7] The dismissal is without prejudice to Plaintiff re-filing an action against these defendants after he has fully exhausted his administrative remedies.

b. All claims against Defendant Myers are **DISMISSED** for failure to state a claim upon which relief may be granted.  The **Clerk** is directed to terminate Tracy Myers as a defendant in this action.

c. Plaintiff's First Amendment retaliation claims against Defendant Wayne Matson are **DISMISSED with leave to amend.**

d. Plaintiff's excessive force claims against Defendant Sandra Hannan are **DISMISSED** for failure to exhaust his administrative remedies.  Plaintiff's First Amendment access to the court claims against Defendant Hannan are **DISMISSED with leave to amend.**

5.   If Plaintiff choses to continue with this action, he must file a Third Amended Complaint, no more than 25-pages long, within **TWENTY-ONE (21) DAYS** from the date on this Order.  Failure to comply within the allotted time (or explain the failure to do so) will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on August 10th, 2021.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

29

SA:  FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties