UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW COOPER,

                    Cooper,

v.                                    Case No. 2:19-cv-236-JES-NPM

SANDRA HANNAN, and
S. WICKER,

                    Defendants.
_____

### OPINION AND ORDER

     In this civil rights case, pro se Plaintiff Matthew Cooper
was, at all times relevant to the third amended complaint ("TAC"),
a prisoner at the Desoto Correctional Institution. (Doc. 102).
This action stems from the alleged mistreatment Cooper received
from Defendants Sandra Hannan and Scott Wicker when he tried to
board a prison transit bus while carrying a large box of legal
material. (Id.)  Currently before the Court are motions to dismiss
filed by Defendants Hannan and Wicker. (Doc. 119; Doc. 123).

     After careful consideration of the motions, Cooper's
response, and the entire record, the Court grants the defendants'
motions and dismisses the TAC as a shotgun pleading and for failure
to state a claim on which relief may be granted.  The dismissal
is without prejudice to Cooper raising his state-law claims in
state court.

## I.   Background and Procedural History

Cooper initiated this action on April 15, 2019, by filing a 42 U.S.C. § 1983 civil rights complaint against ten employees of Desoto Correctional Institution. (Doc. 1).  Upon initial review, the Court directed Cooper to file an amended complaint on the Court's pre-approved civil rights complaint form. (Doc. 12). Cooper filed an amended complaint (Doc. 24) and a second amended complaint ("SAC"). (Doc. 25).   He named sixteen separate defendants in the SAC.  (Id.)

After considering three motions to dismiss from the defendants who were served with process, the Court dismissed all claims raised in the SAC as unexhausted, for failing to state a claim on which relief could be granted, or as being raised in an impermissible shotgun complaint.   (Doc. 102 at 2).   The Court allowed Cooper to file a third amended complaint against Defendants Matson and Hannan and against any unserved defendants.   (Id.).   As to Defendant Hannan, the Court specifically noted:

> Liberally construing the grievances, the Court finds that Plaintiff exhausted a claim that Defendant Hannan interfered with Plaintiff's access to the Court when she did not allow him to bring his work on the bus and/or destroyed his legal material. However, the Court finds no other exhausted claims against Defendant Hannan. Accordingly, all other claims against Defendant Hannan, including any claims for excessive force, are dismissed for failure to exhaust. 42 U.S.C. § 1997e(a).

(Id. at 22–23).   Cooper objected to (and sought reconsideration

of) the Order dismissing his claims against Defendant Hannan, but the Court denied Cooper's motion for reconsideration. (Doc. 107).

On October 20, 2021, the Court granted Cooper leave to file an untimely TAC naming Sandra Hannan, Katherine Kiekenapp, S. Wicker, and Wayne Matson as defendants. (Doc. 111). In the same order, the Court screened the proposed TAC under 28 U.S.C. § 1915(e)(2) and dismissed all claims against Defendants Kiekenapp and Matson because Cooper made no allegations against them. And—based on its prior order—the Court again dismissed as unexhausted all claims against Defendant Hannan except for the access-to-the-court claim ("access claim"). (Id. at 1–2). Cooper repeated his objections to the dismissal of the excessive force and deliberate indifference claims against Defendant Hannan. (Doc. 116 at 1–2).

Defendants Hannan and Wicker now move to dismiss Cooper's TAC. (Doc. 119, Doc. 123).

## II.  Pleadings

### A.   Third Amended Complaint

Taking the factual allegations (as opposed to the legal conclusions) as true at this stage of litigation, Cooper alleges the following in the TAC:  On September 11, 2018, Officer Wicker struck Cooper twice with his elbow on his left arm while he had Cooper's arm extended high in the air above his head, "while twisting the plaintiff as if he was trying to break it." (Doc. 112 at 5). Defendant Hannan "was walking on the side of [Cooper

and Defendant Wicker] telling Officer Wicker to break my dam [sic] neck. He keep [writing] all of those grievance running his di*k sucker causing problems for the institution." (Id.)

Cooper alleges that Defendant Wicker got a tight grip on his handcuffs and twisted and yanked on them until they "reached the back door on the outside of visiting park." (Doc. 112 at 5). Defendant Wicker then struck Cooper in the neck and shoulder with his elbow with enough force that he fell to the ground. (Id.) Defendant Wicker snatched Cooper back up, took him to the strip search room and threw him up against the wall, jamming his elbow in the side of his neck. (Id.) He told Cooper that he was sick of him, "[writing] sh*t up around [here] for other inmates" and that when he writes him (Defendant Wicker) up, "make sure you spell my name right." (Id.) He asserts that Defendant Hannan "initiated and incited" the entire incident by telling Defendant Wicker to harm him. (Id. at 8).

Cooper also asserts that Defendant Hannan violated his activity medical pass "for no pushing pulling or lifting no more than 7 to 15 pounds by forcing [him] to carry a big bag weighing well over 80 plus pounds with two canteen bags over my right shoulder weighing at least 45 pounds each." (Doc. 112 at 7). He asserts that Defendant Hannan also said he had to carry his two big legal boxes or she "would declare them abandoned and "shred that shit." (Id.). Cooper was forced to abandon his property.

(Id.)  Cooper alleges that by destroying his "files, records, letters and exculpatory documents," Defendant Hannan denied him "meaningful access to the courts to reviewable [sic] his colorable [and] credible alibi witness/factual innocence claims/newly presented evidence." (Id. at 6).

Cooper appears to allege that his left arm, wrist, shoulder, [funny] bone, blade, and neck area were injured by Defendants Wicker and Hannan. (Doc. 112 at 9). He asserts that Defendant Hannan destroyed his legal documents, two photo albums, and canteen. (Id.) Cooper raises claims under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, and he refers to the state law torts of assault and battery. (Id. at 3, 5). He seeks an "amended injunction," a court order for a law enforcement investigation of his claims and of many other alleged unconstitutional conditions in the Florida Department of Corrections, and monetary damages. (Id. at 9-12).

## B.  Defendant Hannan's Motion to Dismiss and Cooper's Response

Defendant Hannan moves to dismiss the TAC on the ground that it is an impermissible "shotgun pleading" that does not comply with Rules 8(a) or 10(b) of the Federal Rules of Civil Procedure. (Doc. 119 at 6-7). Defendant Hannan also argues that Cooper has not stated a claim for relief under § 1983 because his "vague and conclusory" allegations do not show an affirmative causal connection between Defendant Hannan's actions and any

constitutional claim. (Id. at 9–10.) As to Cooper's access claim, Defendant Hannan notes that Cooper has not demonstrated "that his abandonment of property hindered his efforts to proceed with a legal claim in his postconviction process." (Id. at 11.) Finally, Defendant Hannan argues that she is entitled to Eleventh Amendment immunity on any official-capacity claim, to qualified immunity on any individual-capacity claim, and that Cooper has not alleged facts justifying injunctive relief.

Cooper filed a response in opposition to Defendant Hannan's motion to dismiss. (Doc. 125). Cooper asserted, for the first time, that he actually exhausted his claims against Defendant Hannan on the fourth page of grievance number 564-1810-0019 that was not attached to the defendants' motion to dismiss his SAC. (Id. at 4). In an abundance of caution, and to ensure that the Court did not erroneously dismiss an exhausted claim, the Court ordered additional briefing from Defendant Hannan. (Doc. 126). The Court recognized that Cooper had written on the first page of grievance number 564-1810-0019 that only two extra pages were attached to the grievance (see Doc. 125-1 at 1) and that the "newly discovered information regarding Defendant Hannan's alleged use-of-force was on a separate [fourth] page containing no other information." (Doc. 126 at 2).[1] Nevertheless, the Court directed

---

[1] The newly-discovered fourth page of the grievance stated only the following:

Defendant Hannan to advise "whether Cooper properly and fully exhausted his excessive force claims against her." (Doc. 126 at 3). The Court also directed Defendant Hannan to provide "a full and complete copy of grievance number 564-1810-0019." (Id.)

### C.   Defendant Hannan's Supplemental Briefing

In response to the Court's order for additional briefing, Defendant Hannan first recognized (as had the Court) that Cooper had stated on the title page of grievance number 564-1810-0019 that only <u>two</u> pages were attached to the grievance—resulting in a three-page grievance. (Doc. 133 at 5). Defendant Hannan also noted that the information contained on the newly-discovered fourth page of the grievance (which does not exist in FDOC records) could have easily fit on the grievance's third page. (Id. at 4-6). Moreover, the statement regarding Defendant Hannan's alleged use-of-force was made only after Cooper listed his witnesses and described the relief requested on the third page of the grievance. Finally, Defendant Hannan notes that, had Cooper provided a four-page grievance, the grievance would have been returned to him as non-compliant under FDOC policy because an informal grievance is

---

        Note:  Sgt-Hannah [sic] also elbowed me twice
        in the side/back of my left arm while Off. S.
        Wicker was twisting my arm as if he was trying
        to break it.  She went out of her way to injury
        [sic] me.

(Doc. 15-1 at 4).

limited to three pages.  (Id. at 5).[2]

### D.  Defendant Wicker's Motion to Dismiss

Defendant Wicker moved to dismiss Cooper's third amended complaint on the grounds that:  (1) it was an impermissible shotgun pleading; (2) Cooper had not stated a claim on which relief may be granted; (3) Cooper had not stated a cause of action for injunctive relief; and (4) qualified immunity barred Cooper's claims.  (Doc. 123).

Cooper did not respond to Defendant Wicker's motion to dismiss.  Even so, the Court will carefully review the allegations against Defendant Wicker in the TAC and the arguments in Defendant Wicker's motion to dismiss to determine whether Cooper has stated a claim against him on which relief may be granted.  See Giummo v. Olsen, 701 F. App'x 922, 925 (11th Cir. 2017) (reversing district court for granting motion to dismiss solely based on the Cooper's failure to file an opposition and requiring the court to indicate whether it had considered the sufficiency of the complaint's allegations).

---

[2] Defendant Hannan directs the Court to Florida Administrative Code Rule 33-103.005(b)(2), which states that "[w]hen completing the inmate request form for submission as an informal grievance, the inmate shall ensure that the form is legible, that included facts are accurately stated, and that only one issue or complaint is addressed.  The inmate must limit all grievance narrative to Form DC6-23, **and only two additional pages of narrative will be allowed.**"  (Doc. 133 at 5)(emphasis added).

### III. Legal Standards

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court has explained that factual allegations must be more than speculative as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Twombly, set forth a two-pronged approach to evaluating motions to dismiss. First, a

reviewing court must determine whether a plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face.  Iqbal, 556 U.S. at 679.  Evaluating a complaint under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

## IV.  Discussion

As an initial matter, the Court does not credit the newly-discovered fourth page of grievance number 564-1810-0019.  As noted, Cooper specifically stated on the original grievance form that his grievance was three (not four) pages long, and he could have easily included the information regarding Defendant Hannan's alleged use of force on the first two attached pages.  In other words, there was no need for a fourth page.  Moreover, Cooper did not notify the Court of the missing fourth page until a year and a half after Defendant Hannan argued lack of exhaustion in her motion to dismiss the SAC and more than seven months after the Court entered a ruling dismissing all but one claim against her for failure to exhaust.  Finally, there is no record of a fourth page of grievance number 564-1810-0019 at the Florida Department of Corrections.

Notably, that grievance number 564-1810-0019 contained an additional fourth page when it was submitted to prison officials is implausible for another reason as well. Had Cooper included the fourth page in his original informal grievance, it would not have complied with FAC Rule 33-103.005(2)(b)(2), and the entire grievance would have been returned without action--rendering <u>all</u> allegations in the grievance unexhausted, including the excessive force claim against Defendant Wicker raised in the TAC. Considering all the evidence before it, the Court finds that grievance number 564-1810-0019 did not properly contain a fourth page when it was presented as an informal grievance, and it did not exhaust any excessive force or deliberate indifference claims against Defendant Hannan.

Because the constitutional claims in this action are dismissed for other reasons, the Court will not order a response from Cooper regarding the fourth page of grievance 564-1810-0019. Nor will the Court decide whether Cooper deliberately submitted a false document to the Court or inadvertently omitted the fourth page when he submitted the grievance to prison officials.[3]

---

[3] If the Court were to find that Cooper engaged in intentional misconduct by manufacturing and presenting a false fourth page of grievance number 564-1810-0019, it would almost certainly compel dismissal of this case with prejudice. <u>See</u> <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1306 (11th Cir. 2009) (recognizing that the Court "may impose sanctions for litigation misconduct under its inherent powers"); <u>Vargas v Peltz</u>, 901 F. Supp. 1572, 1579 (S.D. Fla. Mar. 17, 1995) ("Plaintiff's intentional misconduct in presenting false evidence in support of

**A.   Cooper's TAC is a shotgun pleading that fails to state an actionable claim against either defendant.**

On August 10, 2021, the Court alerted Cooper that the SAC was deficient, noting that he had filed "a quintessential shotgun pleading that fails to 'give the defendants adequate notice of the claims against them and the grounds on which each rests.'" (Doc. 102 at 3) (quoting <u>Celestine v. Capital One</u>, 741 F. App'x 712, 714 (11th Cir. 2021)).

After granting the defendants' motion to dismiss the SAC, the Court allowed Cooper to file a third amended complaint against Defendants Hannan, Matson, and some unserved parties. (Doc. 102 at 25). The Court specifically limited the TAC to claims that were both related and fully exhausted. (<u>Id.</u> at 26). Cooper was advised that, although he need not set forth detailed factual allegations, he was required to "provide more than mere labels and conclusions, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" (Doc 102 at 26) (citing <u>Twombly</u>, 550 U.S. at 555). The Court cautioned that "[m]ere conclusory statements" would be insufficient to state a claim. (<u>Id.</u>) Notwithstanding the Court's admonitions, Cooper's TAC was replete with conclusory allegations, raised claims already dismissed from this action, and named defendants who were not mentioned elsewhere in the complaint. (Doc. 112).

_____

her claims compels dismissal of this case.")

Though the Court liberally construes a pro se party's pleading, the litigant is not relieved from following procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Rule 8(a) of the Federal Rules of Civil Procedure sets standards for the contents of pleadings and requires complaints to provide a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and a "demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Rule 10(b) regulates the form of those pleadings, stating that a "party must state its claims or defenses in numbered paragraphs" and must assert "each claim founded on a separate transaction or occurrence" in a "separate count." Fed. R. Civ. P. 10(b). Pleadings that do not comply with Rules 8 and 10 do not give the defendants "adequate notice of the claims against them and the grounds upon which each claim rests" and are called "shotgun" pleadings. Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).

In Weiland, the Eleventh Circuit roughly grouped shotgun pleadings into four groups. Id. at 1321–23. Included are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," those that do not separate "into a different count each cause of action or claim for relief," and those that assert

"multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. Cooper's TAC falls into all of these categories.

While Cooper generally alleges that Defendants Hannan and Wicker used excessive force against him by holding up his arms, shoving him against the wall, or "elbowing" him, he does not provide a single additional fact to provide context, support the claims, or show what led to the alleged uses of force. None of the actions that either defendant undertook were per se unconstitutional in a prison setting, and Cooper's recitation of those actions, without further context, does not state a claim on which relief may be granted.

Moreover, Cooper lists constitutional amendments, but he does not identify or separate each cause of action or claim for relief into separate counts, leaving the Court to speculate as to the actions (and the defendants) that allegedly violated those amendments. Finally, the inadequacies of the TAC are exacerbated by Cooper's insistence on naming dismissed defendants without explanation and raising claims that were previously dismissed from this action as unexhausted. The Court explained the deficiencies of Cooper's SAC and provided a chance for him to remedy those deficiencies, but he has not done so. (Doc. 102 at 3, 25–27). Therefore, the TAC is subject to dismissal as a shotgun pleading.

See <u>Vibe Micro, Inc. V. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) (recognizing that the district court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits . . . includes the ability to dismiss a complaint on shotgun pleading grounds" after sua sponte providing a litigant "one chance to remedy such deficiencies").

Although Cooper's third amended complaint is dismissed as insufficiently pleaded, the Court will briefly address the merits of the remaining constitutional claims against Defendants Hannan and Wicker.

### B.   Cooper has not stated an access claim against Defendant Hannan.

In its August 10, 2021 Order, the Court concluded that Cooper exhausted a claim that Defendant Hannan interfered with his access to the courts when she did not allow him to bring his work on the bus and/or destroyed his legal material.  (Doc. 102 at 23).[4] However, Cooper's access claim against Defendant Hannan was "too confusing and the allegations too conclusory for this Court to determine whether he has stated a claim against [her]," and it was dismissed with leave to amend.  (<u>Id.</u>).

In the TAC, Cooper asserts that Defendant Hannan denied him "meaningful access to the courts" when she did not allow him to

---

[4] The Court found no other exhausted claims against Defendant Hannan and all other claims against her were dismissed under 42 U.S.C. § 1997e for failure to exhaust.  (Doc. 102 at 23).

bring (or did not assist him in carrying) an eighty-pound box of legal material to the prison transit bus. (Doc. 112 at 6). He asserts that Defendant Hannan told Cooper that he needed to carry his own boxes, or they would be considered abandoned. (Id. at 7). Cooper has a medical pass restricting his ability to carry heavy items; therefore, he was forced to leave his material behind. (Id.) Cooper claims that the legal box he left behind contained witness affidavits that would have supported a request to the Eleventh Circuit for permission to file a successive habeas corpus petition. (Doc. 112 at 6).[5]

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under § 1983. See Lewis v. Casey, 518 U.S. 343 (1996). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Cooper must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. 518 U.S. at 349. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually

---

[5] Specifically, Cooper asserts that he had five credible exculpatory sworn affidavits from alibi witnesses "which was more than capable of being successful had defendants had not destroyed/lost [his] property[.]" (Doc. 112 at 6). He asserts that without these affidavits, it was futile to try and file a successive 2244(b) motion to the U.S. 11th Circuit Court seeking leave to file a successive habeas petition and he was forced to abandon his claims. (Id.)

proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." <u>Id.</u> at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." <u>Id.</u> Cooper must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" <u>Id.</u> at 354-55 (quoting <u>Wolff v. McDonnell</u>, 418 U.S. 539, 579 (1974)).

Furthermore, Cooper must allege actual injury, "such as a denial or dismissal" and show that presentation of his case was impeded because of the defendant's actions. <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1290-91 (11th Cir. 1998). As the Court explained to Cooper in its order on Defendant Hannan's first motion to dismiss:

> An "actual injury does not occur "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." <u>Root v. Towers</u>, 238 F.3d 423 (6th Cir. 2000) (citing <u>Lewis</u>, 518 U.S. at 354-56). In other words, an inmate who claims that his access to the courts was interfered with fails to state a claim unless he shows actual prejudice to his litigation.

(Doc. 102 at 24). Finally, Cooper cannot show an actual injury unless he shows that the case he was unable to pursue had arguable merit. <u>Lewis</u>, 581 U.S. at 353 n. 3.

Cooper asserts that he was unable to file a "successive

2244(b) motion" to the Eleventh Circuit without the exculpatory sworn statements from alibi witnesses that were presumably lost in the box he was unable to carry onto the bus.  (Doc. 112 at 6).[6] Cooper does not state that he actually filed a motion in the Eleventh Circuit seeking leave to file a successive habeas petition and that it was denied because of the lack of sworn affidavits from alibi witnesses.  Nor does he explain why he could not have gotten new affidavits from the alleged alibi witnesses.[7]  Finally, Cooper does he show that the underlying successive habeas petition would have been timely[8] or had arguable merit.

Because Cooper cannot show that he suffered actual prejudice in his potential successive habeas corpus petition as a result of Defendant Hannan's refusal to assist him with bringing his legal material on the inmate bus, he has not stated a plausible claim of

---

[6] Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive [habeas corpus petition} is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[7] This is not the first time Cooper asserts that his alibi affidavits were destroyed by prison officials. He claimed in Case No. 2:18-cv-675-JES-MRM (docket entry 13) that six sworn statements from alibi witnesses were destroyed four years earlier—on October 18, 2014—by Defendant Officer Pesina—again preventing him from filing meritorious claims in federal court.

[8] The Court takes judicial notice that Cooper is serving a life sentence on an offense that occurred more than twenty years ago in Miami-Dade County, Florida.  See http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=455610&TypeSearch=AI

denial of access to the courts.  Accordingly, his sole remaining claim against Defendant Hannan is dismissed for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

### C.  Cooper has not stated an excessive force claim against Defendant Wicker.

Cooper asserts that Defendant Wicker held his arm in the air over his head while Defendant Hannan struck Cooper twice with her elbow.  (Doc. 112 at 5.)  He asserts that Defendant Wicker handcuffed Cooper, grabbed him by the neck "while his pants was falling down to his knees."  (Id. at 5).  He asserts that Defendant Wicker twisted and yanked on Cooper's handcuffs, and struck Cooper on his neck and shoulders with such force that Cooper fell to the ground.  (Id.)  He asserts that, once they reached the strip-search room, Defendant Wicker threw him against the wall, jammed his elbow in the side of his neck, and said, "I'll fuck you up in here ni**er, ain't shit going to happen to me.  When you write it up, make sure you spell my name right since you want to be the compound lawyer & write writer.  I'll bust your ass ni**er we sick of you writing [sic] shit up around her [sic] for other inmates." (Id.).

In the prison context, excessive-force claims have two components.  First, the force used must be objectively serious, and next, the plaintiff must show that the defendant applied force "maliciously and sadistically for the very purpose of causing harm."  Wilson v. Selter, 501 U.S. 294, 302 (1991).  To answer the

question of whether force was applied maliciously and sadistically to cause harm, courts consider: (1) the need for force; (2) the relationship between the need for force and the amount of force used; (3) the injury inflicted; (4) the threat to the safety of staff and inmates; and (5) any efforts made to temper the severity of the force.  Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quotations omitted).  In weighing these factors, courts "must also give 'a wide range of deference to prison officials acting to preserve discipline and security,' " especially for decisions made "at the scene of a disturbance." Id. (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)).

The facts alleged by Cooper do not show that the force used was objectively serious or was applied maliciously and sadistically to cause harm.  Although the Court accepts Cooper's factual allegations in the TAC as true, he provides no context for Defendant Wicker's use of force, and the Court will not engage in speculation as to whether there was a need for *any* force, whether the force actually applied was proportional to the need, or whether Cooper was actively resisting the officers or otherwise creating a dangerous situation.  In addition, Cooper alleges that the injuries he received (injuries to his right wrist, neck, back and left arm) were caused by hiss attempt to carry 170 pounds of legal work and canteen bags to the transit bus and were not the result of force by Defendant Wicker. (Doc. 112 at 7).  And while Cooper's

allegations of Defendant Wicker's comments are disturbing and suggest that Defendant Wicker disliked him, the statements, without further context do not support a section 1983 claim for excessive force.[9]   Accordingly, Cooper's excessive force claims against Defendant Wicker are dismissed for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**D.   The Court will not accept supplemental jurisdiction over Cooper's state law claims.**

Cooper generally alleges that Defendants Hannan and Wicker committed battery.  (Doc. 112 at 3, 5).  Because Cooper's constitutional claims are subject to dismissal, the only remaining claims in the TAC are those based upon a violation of state law. The supplemental jurisdiction statute provides that a district court "may decline to exercise supplemental jurisdiction" over pendant state law claims if "the district court has dismissed all

---

[9] To the extent Cooper asserts a stand-alone claim based on Defendant Wicker's alleged comments, derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate—no matter how repugnant or unprofessional—do not, without more, rise to the level of a constitutional violation.  See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (holding that inmate's claim of "verbal abuse alone is insufficient to state a constitutional claim"); Edwards v. Gilbert, 867 F.2d 1271, 1273, n.1 (11th Cir. 1989) (noting that mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate an inmate's constitutional rights); In re Eric Watkins Litigation, 829 F. App'x 428, 431 (11th Cir. 2020) (recognizing that "demeaning homosexual comments and gestures at [the plaintiff], though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments").

claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Here, because all of Cooper's constitutional claims are subject to dismissal, the undersigned will relinquish jurisdiction over the remaining state law claims. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). Any state law claims are dismissed without prejudice to refiling in the appropriate state court.[10] See Vibe Micro, 878 F.3d at 1296 (stating that, "if the district court . . . chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court").

## V.   Conclusion

Cooper's third amended complaint does not comply with the Federal Rules of Civil Procedure and is subject to dismissal as a shotgun pleading. In addition, the TAC is dismissed for failure to state a claim on which relief may be granted.

---

[10] It is unnecessary for this Court to consider the viability of Cooper's state causes of action or whether the state courts require exhaustion, and the Court takes no position on Cooper's likelihood of success in state court.

Accordingly, it is now **ORDERED**:

1.    The motions to dismiss filed by Defendants Hannan and Wicker (Doc. 119; Doc. 123) are **GRANTED.**

2.    Cooper's Third Amended Complaint is **DISMISSED** as insufficiently pleaded under Rules 8 and 10 of the Federal Rules of Civil Procedure.  Alternatively, all constitutional claims against Defendants Hannan and Wicker are **DISMISSED** for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

3.    Cooper's state law claims of assault and battery are **DISISSED** without prejudice to Cooper raising the claims in state court.

4.    With no remaining claims or defendants, the **Clerk** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on July 11, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-2

Copies to:  Matthew Cooper
Counsel of Record